**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KAREN S. ROWLAND,**

      **Plaintiff,**

**v.**                       **Civil Action No. 3:23-cv-00258-MHL**

**TRANSWORLD SYSTEMS, INC.,** *et al.,*

      **Defendants.**

**NATIONAL COLLEGIATE STUDENT LOAN TRUST DEFENDANTS'**
**<u>MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ............................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ........................................................................ 3

I.    Plaintiff Defaults on Her Student Loans .............................................. 3

II.   Attempts to Collect Plaintiff's Student Loans ..................................... 4

III.  Plaintiff Files This Lawsuit .................................................................. 5

LEGAL STANDARD ...................................................................................................... 5

ARGUMENT .................................................................................................................. 6

I.    Plaintiff cannot state any claim based on alleged conduct that occurred outside of the applicable statute of limitations. .................................................................. 6

      A.    Plaintiff's VCPA claim is fully time-barred. ........................... 6

      B.    Plaintiff's FDCPA claim is time-barred for most of the alleged conduct............. 7

II.   Plaintiff's "Vicarious Liability" count cannot be asserted against the Trusts. ................. 9

      A.    Vicarious Liability is not an independent cause of action. .................... 9

      B.    The Trusts cannot be vicariously liable for alleged violations of the FDCPA, because they are not "debt collectors" subject to the FDCPA. ................. 9

            1.    The Trusts are not "debt collectors." ....................................... 10

            2.    Plaintiff's challenge to the Trusts' ownership of her loans has no bearing on whether the Trusts are "debt collectors." ............................... 14

            3.    Only "debt collectors" can be vicariously liable for violations of the FDCPA. ................................................................................. 15

            4.    The arguments advanced by TSI, Convergent, and MRS also require dismissal. ........................................................................ 16

III.  Plaintiff's VCPA claim fails for multiple reasons. ........................................ 16

      A.    The unauthorized practice of law is not actionable under the VCPA. ................ 16

      B.    Plaintiff's allegations of "unauthorized practice of law" are contrary to indisputable record evidence........................................................ 18

      C.    Plaintiff fails to plead the elements of her VCPA claim with particularity. ........ 19

CONCLUSION ............................................................................................................ 21

162121114v2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Coleman,*
  No. 1:12-cv-560, 2013 U.S. Dist. LEXIS 111256 (E.D. Va. Aug. 6, 2013) ...........................9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................................5, 6

*Barbato v. Greystone Alliance, LLC,*
  916 F.3d 260 (3d Cir. 2019).................................................................................10

*Barnhart v. Peabody Coal Co.,*
  537 U.S. 149 (2003)..............................................................................................17

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)..................................................................................................6

*Boris v. National Collegiate Student Loan Trust*
  *2007-1*, No. 2:16-cv-19-FtM-99CM, 2016 U.S. Dist. LEXIS 196528 (M.D.
  Fla. Nov. 28, 2016) ...........................................................................................13

*Bradford v. HSBC Mortg. Corp.,*
  829 F. Supp. 2d 340 (E.D. Va. 2011) .................................................................16

*Brown v. Transurban USA, Inc.,*
  144 F. Supp. 3d 809 (E.D. Va. 2015) .......................................................18, 19, 20

*Cooper v. GGGR Investments, LLC,*
  334 B.R. 179 (E.D. Va. Bkr. 2005).....................................................................18

*Davidson v. Capital One Bank (USA), N.A.,*
  797 F.3d 1309 (11th Cir. 2015) .....................................................................10, 11

*Davis v. Hollins Law,*
  25 F. Supp. 3d 1292 (C.D. Cal. 2014) ................................................................19

*Davis v. Nationwide Mut. Fire Ins. Co.,*
  811 F. Supp. 2d 1240 (E.D. Va. 2011) ...............................................................19

*Doherty v. PNC Mortgage A Division of PNC Bank,*
  No. 0:14-4013-TLW, 2017 U.S. Dist. LEXIS 229939 (D.S.C. March 1, 2017) ...................11

*Henson v. Santander Consumer USA, Inc.,*
  582 U.S. 79 (2017).....................................................................................10, 14, 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Henson v. Santander Consumer USA, Inc.*,
   817 F.3d 131 (4th Cir. 2016) ................................................................................15

*Hewlette v. Proffer*,
   55 Va. Cir. 387 (Va. Cir. Ct. 2001) ......................................................................8

*Hyde Park Free Will Baptist Church v. Skye-Brynn Ents., Inc.*,
   102 Va. Cir. 180 (Va. Cir. Ct. 2019) .................................................................6, 7

*Janetos v. Fulton Friedman & Gullace, LLP*,
   825 F.3d 317 (7th Cir. 2016) ................................................................................15

*Lim v. Tisack*,
   No. 7:16-cv-00029, 2017 U.S. Dist. LEXIS 47738 (W.D. Va. Mar. 30, 2017)
   (collecting Virginia cases holding the same) ........................................................9

*Mattson v. U.S. West Commc'ns, Inc.*,
   967 F.2d 259 (8th Cir. 1992) ................................................................................8

*Miller & Rhoads Building, L.L.C. v. City of Richmond*,
   790 S.E.2d 484 (Va. 2016).....................................................................................17

*Obduskey v. Wells Fargo*,
   879 F.3d 1216 (10th Cir. 2018) ...........................................................................11

*Perry v. Stewart Title Co.*,
   756 F.2d 1197 (5th Cir. 1985) ..............................................................................11

*Pollice v. Nat'l Tax Funding, L.P.*,
   225 F.3d 379 (3d Cir. 2000), *abrogated on other grounds as recognized by*
   *Tepper v. Amos Financial, LLC*, 898 F.3d 364 (3d Cir. 2018)..............................15

*Rotkiske v. Klemm*,
   140 S. Ct. 355 (2019)..............................................................................................8

*Ruggia v. Washington Mutual*,
   719 F. Supp. 2d 642 (E.D. Va. 2010), *aff'd*, 442 Fed. Appx. 816 (4th Cir.
   2011) ................................................................................................................10, 14

*Snapp v. Lincoln Fin. Securities Corp.*,
   No. 5:17-cv-00059, 2018 U.S. Dist. LEXIS 34492 (W.D. Va. Mar. 2, 2018) ........9

*Snyder v. City of Alexandria*,
   870 F. Supp. 672 (E.D. Va. 1994) ........................................................................8

iii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Stone v. JP Morgan Chase Bank, N.A.*,
  415 F. Supp. 3d 628 (E.D. Pa. 2019) ....................................................................10

*Toth v. Virginia Credit Union*,
  No. 3:20CV160, 2021 U.S. Dist. LEXIS 130735 (E.D. Va. July 12, 2021)
  (Lauck, J.) ...........................................................................................................10, 12

*Vitullo v. Mancini*,
  684 F. Supp. 2d 747 (E.D. Va. 2010) ......................................................................8

*Wadlington v. Credit Acceptance Corp.*,
  76 F.3d 103 (6th Cir. 1996) ...................................................................................15

*Washington v. CitiMortgage, Inc.*,
  No. 3:10-CV-887-JAG, 2011 U.S. Dist. LEXIS 52105 (E.D. Va. May 16,
  2011) ..................................................................................................................14, 16

*Weidman v. Exxon Mobil Corp.*,
  776 F.3d 214 (4th Cir. 2015) .................................................................................20

*Wynn's Extended Care, Inc. v. Bradley*,
  619 F. App'x 216 (4th Cir. 2015) ..........................................................................19

**Statutes**

15 U.S.C. § 1692a(6) ...................................................................................................10, 11

15 U.S.C. § 1692k .............................................................................................................15

Fair Debt Collection Practices Act ............................................................................ *passim*

Va. Code Ann. § 8.01-230 ..................................................................................................6

Va. Code Ann. § 8.01-249 ...............................................................................................6, 7

Va. Code Ann. § 54.1-3904 ..............................................................................................20

Va. Code Ann. § 59.1-200 ................................................................................................17

Va. Code Ann. § 59.1-204.1 ...............................................................................................6

Virginia Consumer Protection Act............................................................................ *passim*

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ................................................................................19

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 5, 21

v

Defendants, National Collegiate Student Loan Trust 2006-4 (the "2006-4 Trust") and National Collegiate Student Loan Trust 2007-4 (the "2007-4 Trust" and, collectively with the 2006-4 Trust, the "Trusts"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submit this memorandum in support of their Motion to Dismiss the Amended Class Action Complaint ("Am. Compl.") filed by Plaintiff Karen Rowland ("Plaintiff").

<u>**INTRODUCTION**</u>

Plaintiff admits she has defaulted on two student loans, with a collective balance of over $35,000.00. She took out the loans in 2006 and 2007, but she never made any payments on one and has not made any more payments on the other since 2014. Based on that lack of payment, the Trusts, as owners of the loans, filed separate collection actions in Virginia state court in 2016, represented by licensed legal counsel. Those lawsuits were voluntarily nonsuited in 2017 and 2018. Thereafter, various debt collectors communicated with Plaintiff to collect the debt.

Plaintiff has now filed suit against the Trusts and the other co-Defendants claiming that the attempts to collect the debts were improper, primarily because the Trusts cannot prove that they own the loans. That claim is false. Nevertheless, even construing Plaintiff's allegations as true, Plaintiff only purports to assert two claims against the Trusts: (1) a claim based on the Virginia Consumer Protection Act ("VCPA"); and (2) a claim for "Vicarious Liability" based on the Fair Debt Collection Practices Act ("FDCPA"). Both claims fail as a matter of law.

First, nearly all the alleged conduct on which she bases her claims occurred outside of the statute of limitations. The state court lawsuits were filed in 2016 and dismissed by 2018, over five years before Plaintiff filed suit, yet Plaintiff asserts a claim against the Trusts under the VCPA based on conduct connected with those lawsuits. Under the VCPA's two-year statute of limitations, those claims are time-barred. And most of the alleged violations of the FDCPA that

1

Plaintiff asserts the Trusts are "vicariously liable" for committing occurred beyond the FDCPA's one-year statute of limitations.

Second, Plaintiff's "vicarious liability" claim against the Trusts based on the activities of the debt collector co-Defendants fails because: (1) vicarious liability is not an independent cause of action under Virginia law; and (2) the Trusts cannot be vicariously liable under the FDCPA. The FDCPA only regulates the conduct of "debt collectors," not original creditors like the Trusts. To be a debt collector under the FDCPA, the defendant must either operate a business with the "principal purpose" of debt collection or must regularly attempt to collect defaulted debts *on behalf of* another. Plaintiff's allegations demonstrate that none of those facts are true for the Trusts, and courts have consistently held that a non-debt-collector defendant like the Trusts cannot be vicariously liable for the actions of its debt collectors in alleged violation of the FDCPA. The alleged debt collector co-Defendants have also advanced numerous arguments requiring dismissal of the FDCPA claims against them, which also defeat any claim of vicarious liability for the Trusts.

Third, Plaintiff's VCPA claim fails for multiple reasons. The claim is based on the vaguely alleged "unauthorized practice of law" committed by the Trusts' loan servicer, Transworld Systems, Inc. ("TSI"). Yet, the "unauthorized practice of law" – standing alone – does not constitute a violation of the VCPA. Furthermore, even if unauthorized practice of law was within the statute's scope, the record evidence attached to Plaintiff's pleadings and of which this Court can take judicial notice shows there is no factual basis for her claim: both collection lawsuits were filed by a licensed Virginia attorney. Plaintiff also fails to plead any misrepresentation or reliance upon a misrepresentation upon the allegedly unauthorized practicing attorneys, which are essential elements of her VCPA claims.

For the reasons that follow, Plaintiffs' claims must be dismissed with prejudice.

<u>RELEVANT FACTUAL ALLEGATIONS</u>

Plaintiff's claims in this case primarily arise from sprawling narrative of largely irrelevant and incorrect allegations regarding her contention that the Trusts lack the documentation to prove that her two defaulted student loans were assigned to them after origination and that they do not in fact own her student loans, and therefore all collection attempts by and on behalf of the Trusts are unlawful.  (*See* Am. Compl. ¶¶ 86-89, 138-40.)  But the alleged facts of this case and her loans are quite simple and straightforward.

## I.    Plaintiff Defaults on Her Student Loans

Plaintiff took out two student loans in 2006 and 2007 from two different lenders.  (Am. Compl. ¶¶ 93-95.)  Each loan was assigned to one of the Trusts through a securitization process very shortly after origination and prior to the first payment due date.  (*See* Am. Compl. ¶¶ 38-44); (Am. Compl. Ex. G at 25) (showing first payment for 2007 loan was due on July 8, 2008); (*id.* 27-40) (reflecting assignment agreements, dated September 20, 2007); (Am. Compl. Ex. I at 21) (showing first payment for 2006 loan was due on December 19, 2007); (*id.* at 23-38) (reflecting assignment agreements dated December 7, 2006).

Plaintiff alleges that the Trusts' "principal business" is purchasing and taking assignment of student loan accounts originated by other lenders which the Trusts then seek to enforce through routine loan servicing and debt collection (as needed).  (Am. Compl. ¶¶ 86, 89.)  Thus, Plaintiff does not allege that the Trusts only or primarily purchase or collect defaulted debts (they do not), but rather admits the Trusts' business includes managing and servicing non-defaulted, performing loans.  (Am. Compl. ¶¶ 56, 86-88.)  Plaintiff also alleges the Trusts have no employees and act only through third parties.  (Am. Compl. ¶¶ 7, 91-92.)

Plaintiff admits that she has not made any payments on the 2006 loan since 2014 and that she has never made payments on the 2007 loan.  (Am. Compl. ¶ 97.)

3

## II.    Attempts to Collect Plaintiff's Student Loans

As a result of her defaults on both loans, the Trusts filed collection lawsuits against her in Virginia state courts in 2016.  (Am. Compl. ¶¶ 99, 102.)  Those two cases were later nonsuited by the Trusts in October 2017 and March 2018.  (Am. Compl. ¶¶ 101, 104; Am. Compl. Ex. H; Am. Compl. Ex. J.)

Following the voluntary dismissal of the state court collection actions, Plaintiff alleges she received various letters and phone calls from three entities attempting to collect the defaulted student loans on behalf of the Trusts.  First, she alleges she received phone calls during September, October, and November of 2021 from an employee of Convergent Outsourcing, Inc. ("Convergent") seeking to collect the 2006 loan on behalf of "National Collegiate."  (Am. Compl. ¶¶ 105-06, 110-13.)  She also alleges she received a letter from Convergent in September 2021 seeking to collect the 2006 loan on behalf of the 2006-4 Trust.  (Am. Compl. ¶¶ 107-109.)

Next, she alleges she received a single letter from TSI in March 2022 seeking to collect the 2007 loan on behalf of the 2007-4 Trust.  (Am. Compl. ¶¶ 117-119.)

Finally, she alleges she received letters and phone calls from MRS BPO, L.L.C. ("MRS") beginning "[s]ometime after April 15, 2022" and continuing through February 2023, each seeking to collect the student loan debts on behalf one or both of the Trusts.  (Am. Compl. ¶¶ 120-133.)[1]

Plaintiff also claims the collection letters sent to her by Convergent and MRS inaccurately stated the amount and status of the principal and interest for each loan (Am. Compl. ¶¶ 166, 172); that Convergent and MRS's collection attempts were unfair and unconscionable (Am. Compl. ¶¶

---

[1] Plaintiff has attached to her Complaint many of the letters she alleges she received from the debt collectors.  (*See* Am. Compl. Exs. K-S.)  The first letter she alleges she received from MRS is dated April 12, 2022, and the envelope was stamped by the U.S. Postal Service on April 15, 2022. (Am. Compl. Ex. L at 1, 3.)

169-70, 173-74); and that TSI has engaged in the unauthorized practice of law by "control[ling] and direct[ing] the actions of the attorneys allegedly hired on behalf of the Trusts through written agreements." (Am. Compl. ¶¶ 20, 179.)

Plaintiff never alleges that either debt was owed or due to anyone other than the Trusts or that anyone ever attempted to collect the debts on behalf of anyone other than the Trusts.

## III. Plaintiff Files This Lawsuit

On April 17, 2023 – more than five years after the state collection actions were dismissed, and several years after most of the alleged collection activity occurred – Plaintiff filed her original Complaint in this lawsuit naming the Trusts, TSI, Convergent, MRS, and U.S. Bank as co-Defendants.  (*See* Complaint, ECF No. 1.)

On July 10, 2023, Plaintiff filed her Amended Complaint, which once again asserted claims against MRS for violations of the FDCPA (Counts One and Two, Am. Compl. ¶¶ 165-171), and which also asserted claims against Convergent for violations of the FDCPA (Counts Three and Four, Am. Compl. ¶¶ 172-175), a claim for "Vicarious Liability" for the acts of Convergent and MRS against TSI, U.S. Bank, and the Trusts (Count Five, Am. Compl. ¶ 176), and a claim for violation of the VCPA against TSI and the Trusts based on TSI's "unauthorized practice of law" (Count Six, Am. Compl. ¶¶ 177-84).

This Motion addresses the "Vicarious Liability" and VCPA claims that have been plead against the Trusts.

## LEGAL STANDARD

To withstand a motion under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

to relief." *Id.* This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Id.* at 679. A complaint that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

<u>**ARGUMENT**</u>

I.    **Plaintiff cannot state any claim based on alleged conduct that occurred outside of the applicable statute of limitations.**

As an initial matter, the vast majority of the conduct Plaintiff alleges in her Complaint – stemming from collection lawsuits filed in 2016 and non-judicial collection efforts thereafter – is time-barred.

A.    **Plaintiff's VCPA claim is fully time-barred.**

<u>*All*</u> the alleged conduct underlying Plaintiff's VCPA claim is outside of that statute's two-year limitations period, requiring dismissal of that claim in full.

A claim under the VCPA must be commenced within two years after the claim accrues. *See* Va. Code Ann. § 59.1-204.1. Under Virginia law, a claim generally accrues on the date of the alleged violation "and not when the resulting damage is discovered." Va. Code Ann. § 8.01-230. For a claim under the VCPA based upon a misrepresentation, deception, or fraud, the claim accrues when the fraud, misrepresentation, or deception is discovered "or reasonably should have been discovered" by the exercise of due diligence. Va. Code Ann. § 8.01-249. And, "the burden is *on the plaintiff* to show that that it 'acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action.'" *Hyde Park Free Will Baptist Church v. Skye-Brynn Ents., Inc.*, 102 Va. Cir. 180,

185 (Va. Cir. Ct. 2019) (emphasis in original) (quoting *Hughes v. Foley*, 128 S.E.2d 261, 263 (Va. 1962)).

Plaintiff vaguely alleges that the Trusts violated the VCPA because they are "responsible for the actions of TSI" that constitute the "unauthorized practice of law." (Am. Compl. ¶¶ 179-80.) Plaintiff alleges that there are "hundreds of cases in Virginia by TSI where TSI managed and directed attorneys in their Attorney Network and was engaged in the unauthorized practice of law." *Id.* ¶ 149. Plaintiff alleges two such cases were filed against her, both in December of 2016, well beyond the two-year statute of limitations for this 2023 federal lawsuit. *Id.* ¶¶ 99, 102. Both of those state court collection cases were dismissed by 2018 at the latest, still *five years* before Plaintiff filed her VCPA claim in 2023.

Plaintiff may claim that she is entitled to the "discovery rule" for VCPA claims that are "based upon a misrepresentation, deception, or fraud," and that this somehow extended the statute of limitations period for her to file her claim. Va. Code Ann. § 8.01-249. Plaintiff fails, however, to identify any fraud, misrepresentation, or deception perpetrated against her in relation to TSI's alleged "unauthorized practice of law." (Am. Compl. ¶¶ 177-84.) Furthermore, even if the discovery rule applies, Plaintiff fails to allege that she "acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action," nor does she allege any facts that could remotely support such an allegation in this context. *Hyde Park Free Will Baptist*, 102 Va. Cir. at 185.

Accordingly, Plaintiff's VCPA claim is far outside of the two-year statute of limitations and cannot state a claim for relief.

### B.    Plaintiff's FDCPA claim is time-barred for most of the alleged conduct.

Plaintiff's claim seeking to hold the Trusts "vicariously liable" for the alleged FDCPA violations of MRS and Convergent also is almost entirely time barred.

162121114v2

The FDCPA specifies a one-year statute of limitations, and it "unambiguously sets the date of the violation as the event that starts the one-year limitations period." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) (holding no "discovery rule" applies to the FDCPA).  When the alleged FDCPA violation is based on a communication, the claim accrues and the statute of limitations begins to run when the communication is sent, rather than when it is received.  *Vitullo v. Mancini*, 684 F. Supp. 2d 747, 753 (E.D. Va. 2010) ("The alleged FDCPA violation occurred, and the action accrued, when [the defendant] sent the letter . . . not when [the plaintiff] received the letter."); *see also Mattson v. U.S. West Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992).  A plaintiff also cannot hold a defendant "vicariously liable" for a claim that was not timely asserted.  *Snyder v. City of Alexandria*, 870 F. Supp. 672, 678 (E.D. Va. 1994); *Hewlette v. Proffer*, 55 Va. Cir. 387, 391 (Va. Cir. Ct. 2001) (analyzing timeliness of claims based on direct and vicarious liability together).

Plaintiff's "Vicarious Liability" claim against the Trusts (Count Five) – asserted in a single sentence – alleges the Trusts "are vicariously liable for the acts of MRS and Convergent since they hired and directed their actions."  (Am. Compl. ¶ 176.)  But all the alleged conduct of Convergent occurred in the period spanning from September to November 2021, which is more than a year before this case was filed on April 17, 2023.  (*See* Am. Compl. ¶¶ 105-113.)

Plaintiff also alleges several phone calls and letters received from MRS that pre-date April 17, 2022, *see* Am. Compl. ¶ 166.a, meaning that all such conduct also is time barred.

Accordingly, because most of the conduct on which Plaintiff bases her claims occurred outside of the one-year statute of limitations, Plaintiff's claims based on that conduct must be dismissed.  And, any remaining timely FDCPA allegations for which the Trusts are allegedly "vicariously liable" fail to state a claim against the Trusts for the reasons that follow.

## II.     Plaintiff's "Vicarious Liability" count cannot be asserted against the Trusts.

In Count Five, Plaintiff asserts a claim against the Trusts for "Vicarious Liability," alleging that the Trusts "are vicariously liable for the acts of MRS and Convergent since they hired and directed their actions."  (Am. Compl. ¶ 176.)  That claim fails for two reasons.  First, in Virginia, "vicarious liability" is a remedy, not a cause of action.  Second, even if properly pled, the Trusts cannot be held vicariously liable for violations of the FDCPA because they do not qualify as "debt collectors" under that statute and no FDCPA violations have been plausibly alleged.

### A.     Vicarious Liability is not an independent cause of action.

As an initial matter, Plaintiffs' "Vicarious Liability" claim is improper because "vicarious liability is not a separate cause of action in Virginia, but rather, a theory of liability."  *Ali v. Coleman*, No. 1:12-cv-560, 2013 U.S. Dist. LEXIS 111256, at *4 (E.D. Va. Aug. 6, 2013); *accord. Lim v. Tisack*, No. 7:16-cv-00029, 2017 U.S. Dist. LEXIS 47738, at *20-21 (W.D. Va. Mar. 30, 2017) (collecting Virginia cases holding the same).  Asserting vicarious liability as a separate claim is contrary to the "well-settled" principle "that the purpose of pleading is to facilitate a proper decision on the merits, not to multiply the causes of action."  *Ali*, 2013 U.S. Dist. LEXIS 111256, at *4 (citing *United States v. Hougham*, 364 U.S. 310, 393 (1988)).

Accordingly, an attempt to bring a "separate claim for vicarious liability . . . is improper and should be dismissed."  *Id.*; *see also Snapp v. Lincoln Fin. Securities Corp.*, No. 5:17-cv-00059, 2018 U.S. Dist. LEXIS 34492, at *22 (W.D. Va. Mar. 2, 2018) (dismissing "stand-alone vicarious liability claim" because it is "not a separate cause of action").

### B.     The Trusts cannot be vicariously liable for alleged violations of the FDCPA, because they are not "debt collectors" subject to the FDCPA.

Additionally, the only claims under which Plaintiff seeks to hold the Trusts "vicariously liable" in Count Five are FDCPA claims.  (Am. Compl. ¶¶ 165-75) (Counts One through Four).

But vicarious liability under the FDCPA is not possible here because the Trusts are not "debt collectors."

### 1.      The Trusts are not "debt collectors."

Under the FDCPA, a "debt collector" is: (1) any person operating a business whose "principal purpose" is the collection of debts, or (2) any person who "regularly attempts to collect . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

To qualify under the "principal purpose" prong, debt collection must be the organization's "most important aim." *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267-269 (3d Cir. 2019) (contrasting "a traditional creditor, such as a bank or a retail outlet that has its own incentive to cultivate good will among its customers and for which debt collection is one of perhaps many parts of its business" with "an independent debt collector" that has collection of defaulted debts as its primary business concern); *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015); *Stone v. JP Morgan Chase Bank, N.A.*, 415 F. Supp. 3d 628, 633 (E.D. Pa. 2019) (holding JPMorgan Chase "falls much closer to the category of 'traditional creditor' . . . than it does to an entity whose primary purpose is debt collection").  As this Court has recognized, the "principal purpose" prong of the statutory definition generally excludes entities like "creditors, mortgagers, and mortgage servicing companies." *Toth v. Virginia Credit Union*, No. 3:20CV160, 2021 U.S. Dist. LEXIS 130735, at *11-12 (E.D. Va. July 12, 2021) (Lauck, J.); *Ruggia v. Washington Mutual*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010) (holding assignee creditor of securitized loan did not have a "principal purpose" of debt collection), *aff'd*, 442 Fed. Appx. 816 (4th Cir. 2011).

Moreover, as to the "regularly collects" prong of the statutory definition, the critical inquiry is whether the organization regularly seeks to collect defaulted debts on behalf *of another entity*. *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 83 (2017).

Finally, even if an entity would otherwise qualify under the "debt collector" definition, it is not a debt collector if the debt in question "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F); *Doherty v. PNC Mortgage A Division of PNC Bank*, No. 0:14-4013-TLW, 2017 U.S. Dist. LEXIS 229939, at *6-10 (D.S.C. March 1, 2017) (concluding that even if there was a question regarding whether the defendant was a debt collector under primary definition, the exception would apply because defendant acquired debt before default). That exception means that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219-20 (10th Cir. 2018).

Plaintiff's allegations cannot support a finding that the Trusts are debt collectors under either of the FDCPA's "debt collector" definitions.

First, Plaintiff never alleges that the Trusts' "principal purpose" is the collection of debts. To the contrary, she alleges the Trusts' principal business is "purchasing and taking assignment of student loan credit accounts" and that their business involves not only debt collection but also managing and servicing its portfolio of performing, non-defaulted loans. (Am. Compl. ¶¶ 86-88) ("[T]he NCSLT Trusts have enforced their allegedly assigned accounts against Virginia consumers through servicing . . . ."); (Am. Compl. ¶ 56) ("AES is the servicer for nearly all of the performing loans that the Trusts claim to own."); (Am. Compl. ¶ 65) (contrasting the pre-default servicing role of AES with the post-default servicing role of TSI, which "oversees the collection of student loans that go into default."). Those allegations contradict and preclude any allegation that the Trusts' "principal purpose" is debt collection. *See, e.g.*, *Davidson*, 797 F.3d at 1317 (affirming dismissal of FDCPA claim where complaint "provides a basis from which we can plausibly infer that *some*

11

part of [defendant's] business is debt collection, but it fails to provide any basis from which we could plausibly infer that the "principal purpose" of [defendant's] business is debt collection"); *Toth*, 2021 U.S. Dist. 130735, at *12 (plaintiff could not plausibly allege defendant's principal purpose was debt collection where complaint alleged the defendant "services mortgage loans").

Second, while Plaintiff alleges, in conclusory fashion, that *other* co-Defendants "regularly collect or attempt to collect debts, directly or indirectly, that are owed or asserted to be owed or due to others," Plaintiff makes no such allegations regarding the Trusts. (*Compare* Am. Compl. ¶¶ 10, 12 *with* Am. Compl. ¶ 7.) To the contrary, she repeatedly admits throughout her Complaint that the debts being collected were asserted to be owed or due *to the Trusts*. (*See, e.g.*, Am. Compl. ¶ 10) ("Among the debts TSI collects that are alleged to be owed to others are so-called 'private student loans' allegedly owed to the NCSLT Trusts."); (Am. Compl. ¶ 35) (alleging that all defendants "do business in Virginia by collecting or attempting to collect debts from Virginia residents who they allege owe debts to the Trusts."); (Am. Compl. ¶ 47) (referencing "the collection actions pursued on behalf of the Trusts"); (Am. Compl. ¶ 48) (referencing "collection actions taken in the name of the Trusts").[2]

Third, even if the Trusts were attempting to collect debts "on behalf of another," they would still fall within the statutory exception for any entity collecting a debt that "was not in default at

---

[2]It is also clear from Plaintiff's pleadings and attachments that all the alleged collection activities sought to collect the debts for the Trusts' account, and not on behalf of some other third party. The two state court collection actions filed against Plaintiff were filed in the names of the respective Trusts and asserted that Plaintiffs' debts were owed to the Trusts. (Am. Compl. ¶¶ 99-104); (*see also* Am. Compl. Ex. G at 1-5) (showing Petersburg Circuit Court Complaint filed by 2007-4 Trust, and alleging the debt is owed to the Trust); (Am. Compl. Ex. I) (showing Petersburg General District Court warrant in debt filed by the 2006-4 Trust). Plaintiff's allegations and attached exhibits also make clear that TSI, Convergent, and MRS each attempted to collect the debts from her on behalf of the Trusts, and each asserted that the debts were owed to the Trusts. (Am. Compl. ¶¶ 105-109, 117, 121, 130.) Nowhere in Plaintiff's complaint does she identify any other third party on whose behalf the Trusts were allegedly seeking to collect the debts.

12

the time it was assigned."  Plaintiff has not alleged that the Trusts obtained her loan after default. She instead alleges that the assignment of the loans to the Trusts occurred as part of the securitization process soon after origination.[3]  (*See* Am. Compl. ¶¶ 38-44.)  Further, she attached to her Complaint the agreements by which the loans were transferred from the original lenders to the Trusts, which also show that the assignments occurred *prior* to her first payment due date for each loan.  (*See* Am. Compl. Ex. G at 25) (showing first payment due on July 8, 2008); (*id.* 27-40) (reflecting assignment agreements, dated September 20, 2007); (Am. Compl. Ex. I at 21) (showing first payment due on December 19, 2007); (*id.* at 23-38) (reflecting assignment agreements dated December 7, 2006.  The Trusts, therefore, cannot be debt collectors.  *Boris v. National Collegiate Student Loan Trust 2007-1*, No. 2:16-cv-19-FtM-99CM, 2016 U.S. Dist. LEXIS 196528, at *4-6 (M.D. Fla. Nov. 28, 2016) (holding plaintiff failed to allege the Trusts were debt collectors, including because transfer agreements incorporated into pleadings showed that the debt was not in default at the time of transfer).

For those reasons, multiple other courts have recognized that the Trusts are not "debt collectors" under the FDCPA.  *See, e.g.*, *National Collegiate Student Loan Trust 2005-3 v. Dunlap*, 115 N.E.3d 689, 700 (Ohio Ct. App. 2018) (holding a related National Collegiate Student Loan Trust "is a creditor and not a debt collector subject to the FDCPA—it was not collecting a debt that was already due where the evidence established that it acquired the college loan before the borrowers defaulted"); *Boris*, 2016 U.S. Dist. LEXIS 196528, at *4-6.

---

[3]Though Plaintiff contests whether the Trusts can prove the assignment of any particular loan to a particular Trust, she admits that the loans were "allegedly" assigned during the securitization process.  (Am. Compl. ¶ 44.)

13

### 2. Plaintiff's challenge to the Trusts' ownership of her loans has no bearing on whether the Trusts are "debt collectors."

Instead of plausibly alleging that the Trusts qualify under either the "principal purpose" or "regularly collects" prongs of the statute, Plaintiff alleges the Trusts are "debt collectors" because "they do not qualify as 'creditors' under the FDCPA" because they allegedly cannot prove ownership of the loans as originators or assignees. (Am. Compl. ¶ 35.) That disputed claim of legal ownership is a non-*sequitur* as to statutory definition of a "debt collector." The question under the statutory definition is "whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Henson*, 582 U.S. at 83. Indisputably, the Trusts are seeking to collect the debts for their own account, not "for another." Indeed, this same argument was rejected by the Eastern District of Virginia in *Ruggia*, where the Court held that the defendant – an assignee creditor of a securitized loan who the plaintiff claimed could not legally prove any right or title in the loan – was not a "debt collector." 719 F. Supp. 2d at 647-48.

Plaintiff also alleges, in conclusory fashion, that the Trusts are debt collectors because they "us[e] a name other than their own as the original creditor, which indicates that a third person is collecting or attempting to collect such debts." (Am. Compl. ¶ 35.) Charitably construed, that allegation appears to be an attempt to invoke the "false-name exception" of the FDCPA, which "was designed to combat creditors who attempt to intimidate debtors by creating the false impression that a third party is participating in the debt collection process," and which applies to "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *See Washington v. CitiMortgage, Inc.*, No. 3:10-CV-887-JAG, 2011 U.S. Dist. LEXIS 52105, at *34-35 (E.D. Va. May 16, 2011) (citing *Jones v. Baugher*, 689 F. Supp. 2d 825, 833 (W.D. Va. 2010),

and quoting 15 U.S.C. § 1692a(6)).  That exception has no application to the facts alleged, as Plaintiff does not even attempt to identify any purportedly "false name" used by the Trusts.

Finally, Plaintiff alleges that the Trusts acted as debt collectors by "allegedly purchasing and taking assignment of the [student loan] accounts." (Am. Compl. ¶ 90.)  But the Supreme Court has made clear that the FDCPA does not care "how a debt owner came to be a debt owner— whether the owner originated the debt or came by it only through a later purchase" (*e.g.*, assignment).  *Henson*, 582 U.S. at 83.  Instead, "[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'"  *Id.*  Here, the Trusts admittedly sought to collect on their own accounts and not on behalf of anyone else.

### 3.    Only "debt collectors" can be vicariously liable for violations of the FDCPA.

Because the Trusts are not debt collectors, they cannot be held vicariously liable for alleged violations of the FDCPA.

"[T]he FDCPA purports to regulate only the conduct of debt collectors . . . ."  *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016); 15 U.S.C. § 1692k (imposing liability only on a "debt collector who fails to comply with" the statute).  Numerous federal courts of appeals have recognized that a non-debt collector cannot be vicariously liable for violations of the FDCPA, including such a scheme "would not accord with the intent of Congress, as manifested in the terms of the Act."  *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) (following *Wadlington*), *abrogated on other grounds as recognized by Tepper v. Amos Financial, LLC*, 898 F.3d 364, 366-67 (3d Cir. 2018); *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016) (recognizing "a company that is not a debt collector would not ordinarily be subject

to liability under the Act at all" and therefore "it makes less sense to impose vicarious liability on such a company" for the acts of an agent debt collector).

Courts in the Eastern District of Virginia also concur. *Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 348-49 (E.D. Va. 2011) ("[A] creditor cannot incur vicarious liability for FDCPA violations by an independent debt collector that acts on the creditor's behalf"); *Washington v. CitiMortgage, Inc.*, No. 3:10-CV-887-JAG, 2011 U.S. Dist. LEXIS 52105, at *34-35 (E.D. Va. May 16, 2011) ("A creditor is not liable under a *respondeat superior* theory for violations of the FDCPA by independent debt collectors hired by the creditor.").

Accordingly, since the Trusts are not debt collectors, they cannot be held vicariously liable for the alleged FDCPA violations of Convergent and MRS.

### 4. The arguments advanced by TSI, Convergent, and MRS also require dismissal.

In their own Motion to Dismiss, TSI, MRS, and Convergent have advanced numerous additional arguments as to why the FDCPA claims against them fail, including Plaintiff's lack of prudential standing to assert such claims. The Trusts further incorporate those arguments by reference, which also defeat any attempt to hold the Trusts vicariously liable under the FDCPA.

## III. Plaintiff's VCPA claim fails for multiple reasons.

Count Six asserts a claim against the Trusts and TSI for violation of the VCPA, based on some alleged form of "unauthorized practice of law" by TSI. (Am. Compl. ¶¶ 177-184.) That VCPA claim fails for multiple reasons.

### A. The unauthorized practice of law is not actionable under the VCPA.

Plaintiff's VCPA claim fails from the outset because the alleged unauthorized practice of law is not actionable under the statute.

162121114v2

Plaintiff bases her VCPA claim entirely on Va. Code § 59.1-200(A)(60),[4] which she claims prohibits the unauthorized practice of law.  (Am. Compl. ¶ 181.)   Section 59.1-200(A)(60), however, has *nothing* to do with the unauthorized practice of law, instead regulating the licensure of construction contractors and real estate brokers.  Va. Code § 59.1-200(A)(60).

Even looking beyond § 59.1-200(A)(60), there is no indication that the unauthorized practice of law standing alone constitutes a violation of the VCPA.  Instead, the Virginia legislature meticulously defined seventy-eight specific fraudulent acts and practices that constitute violations of the Act, *none* of those include the unauthorized practice of law.  *See generally* Va. Code Ann. §§ 59.1-200(A)(1)-(78).  "'In interpreting statutory language, [the Virginia Supreme Court has] consistently applied the time-honored principle *expressio unius est exclusio alterius*,' because this maxim 'recognizes the competence of the legislature to choose its words with care.'"  *Miller & Rhoads Building, L.L.C. v. City of Richmond*, 790 S.E.2d 484, 543-44 (Va. 2016) (internal quotations omitted).  Under that maxim, "the mention of specific items in a statute implies that all items omitted were not intended to be included."  *Id.* at 544; *see also Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (holding the interpretive canon *expressio unius est exclusio alterius* applies "when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice").  This Court should also interpret the lack of a specific section relating to the unauthorized practice of law as an indication that the Virginia legislature did not intend the Act to reach such conduct.[5]

---

[4]Plaintiff technically cites to "VCA §59.1-200(60)," but since no such sub-section exists, the Trusts assume that she intended to cite § 59.1-200**(A)**(6).  (Am. Compl. ¶ 181.)

[5]Notably, the Trusts have found no Virginia court decisions that have held the unauthorized practice of law is a fraudulent practice under the VCPA.  The only case that involved such a claim did not find a violation of the VCPA because the plaintiff failed to allege reliance on any implied

17

Furthermore, the VCPA is a fraud-based statute: thus, even if it *could* apply to the unauthorized practice of law, it would still require a misrepresentation and reliance upon that misrepresentation to her detriment. *Brown v. Transurban USA, Inc.*, 144 F. Supp. 3d 809, 846 (E.D. Va. 2015) (holding VCPA claim requires "sufficient allegations of fraudulent conduct, and reliance by plaintiffs thereon"). Put another way, the unauthorized practice of law could only be actionable if it was coupled with a misrepresentation that the actor was licensed to practice law, which – for the reasons below – is not alleged here. *Cf. Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. Bkr. 2005) (holding that a contractor's misrepresentation that he was licensed did not give rise to a claim under VCPA, because there was no allegation of reliance on misrepresentation or damages); *see infra* Section III.C.

**B.     Plaintiff's allegations of "unauthorized practice of law" are contrary to indisputable record evidence.**

Even assuming the "unauthorized practice of law" could constitute a VCPA violation, there is no plausible claim of any such unauthorized practice by the Trusts based on the facts plead here.

The only "legal" action allegedly undertaken by the Trusts was the filing of the two state court collection lawsuits against Plaintiff. Plaintiff attached to her Complaint as Exhibits G and I the pleadings filed against her in those two lawsuits. Those pleadings show, on their face, that both cases were filed by a licensed attorney with a Virginia State Bar number. (*See* Am. Compl. Ex. G at 5) (reflecting signature of Kristan M. Pettiford, Esquire, of Scott & Associates, P.C., VSB No. 82524, as attorney for plaintiff); (Am. Compl. Ex. I at 1) (same). Plaintiff has not alleged that Ms. Pettiford is not a licensed attorney. But, to the extent there is any doubt, the Court can take judicial notice of Ms. Pettiford's listing in the lawyer directory of the Virginia State Bar (an

---

misrepresentation regarding the non-attorney's authorization to practice law, which is also true here. *Brown*, 144 F. Supp. 3d at 846.

administrative agency of the Virginia Supreme Court), which shows she is a longstanding member in good standing of the Virginia State Bar.  *See* **Exhibit A**; *Davis v. Nationwide Mut. Fire Ins. Co.*, 811 F. Supp. 2d 1240, 1249 n.9 (E.D. Va. 2011) (noting records from government agency's website are "typically self-authenticating and not excluded by the hearsay rule" and "generally admissible by judicial notice"); *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1298 (C.D. Cal. 2014) (taking judicial notice of attorney's admission status and membership information on state bar's website). Hence, the claim fails.

> **C.**     **Plaintiff fails to plead the elements of her VCPA claim with particularity.**

Even if Plaintiff's VCPA claim was actionable and plausibly supported by the facts as alleged (which it is not), Plaintiff has failed to plead the basic elements of that claim.

To state a claim under the VCPA, a plaintiff must plead "sufficient allegations of fraudulent conduct, and reliance by [the plaintiff] thereon."  *Brown*, 144 F. Supp. 3d at 846.  Additionally, because the VCPA sounds in fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) require a plaintiff to state, with "particularity," the circumstances that constitute the alleged fraud.  *Id.* at 845 (citing Fed. R. Civ. P. 9(b)); *see also Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 220 (4th Cir. 2015) (applying Rule 9(b) to VCPA claim).  To do so, the plaintiff must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Wynn's Extended Care, Inc.*, 619 F. App'x at 220 (quoting *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)).  Plaintiff's claims fail under these standards because Plaintiff fails to allege <u>*any*</u> misrepresentation by the Trusts, let alone with sufficient particularity under Rule 9(b).

Plaintiff's VCPA claim is based on the generalized assertion that TSI "has engaged in the unauthorized practice of law" and that the Trusts are responsible for that conduct.  (Am. Compl. ¶¶ 179-80.)  The only description Plaintiff provides of TSI's alleged "unauthorized practice of

law" is that "TSI controls and directs the actions of attorneys allegedly hired on behalf of the Trusts through written agreements." (Am. Compl. ¶ 20.) As an initial matter, that allegation falls far short of plausibly alleging any specific acts constituting the unauthorized practice of law, particularly since Virginia law expressly states that a collection agency which refers debts to an attorney for collection with the creditor's approval "*shall not* be deemed to be engaged in the unauthorized practice of law." Va. Code Ann. § 54.1-3904 (emphasis added). Moreover, Plaintiff does not identify any misrepresentation perpetrated against her through the alleged unauthorized practice of law, let alone "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained thereby." *Weidman*, 776 F.3d at 219.

Nor does Plaintiff allege that she relied upon any misrepresentations regarding TSI's authorization to practice law, as required to state a claim under the VCPA. *Brown*, 144 F. Supp. 3d at 846. Plaintiff never alleges, for example, that TSI represented that it was licensed to practice law in Virginia, or that Plaintiff relied upon such a representation in some way to her detriment. *See Brown*, 144 F. Supp. 3d at 846 (holding plaintiffs' VCPA claim failed where they had "not alleged that they relied on the implication that Ms. Brach is an attorney to their detriment. Indeed, Plaintiffs do not allege that they have relied on any material representations . . . in a way which has caused them any material damage."). To the contrary, she specifically alleges that she has not made *any* payments on either of her student loans since 2014, two years *before* the collection lawsuits filed against her, which controverts any possible claim of reliance. *Cf. id.* (holding that reliance on misrepresentations made in demand letters was shown by payments made to debt collectors).

<u>**CONCLUSION**</u>

WHEREFORE, the Trusts respectfully request that the Court enter an order: (1) granting the Trusts' Motion to Dismiss; (2) dismissing with prejudice Plaintiff's claims for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6); and (3) granting the Trusts such other and further relief as the Court deems appropriate.

Dated: September 8, 2023

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4 AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4

By: */s/   Timothy J. St. George*

Timothy J. St. George (VSB No. 77349)
David N. Anthony (VSB No. 31696)
*Counsel for National Collegiate Student Loan Trust 2006-4 and National Collegiate Student Loan Trust 2007-4*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.st.george@troutman.com
Email: david.anthony@troutman.com

22

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for Defendants*
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.st.george@troutman.com

162121114v2