# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| KAREN S. ROWLAND, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>MRS BPO, L.L.C.,<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4, and<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendants. | Civil Action No. 3:23-cv-258<br>Hon. M. Hannah Lauck<br>U.S. District Judge<br><br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Brian C. Rabbitt
Virginia State Bar No. 77216
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
brabbitt@jonesday.com

Albert J. Rota (*pro hac vice* pending)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
ajrota@jonesday.com

Anthony M. Masero (*pro hac vice* pending)
JONES DAY
100 High Street, 21st Floor
Boston, MA
Telephone: (617) 960-3939
Facsimile: (617) 449-6999
amasero@jonesday.com

*Counsel for U.S. Bank National Association*

## TABLE OF CONTENTS

                                                                                                    **Page**

Introduction ........................................................................................................................................ 1

    I.       Background ................................................................................................................. 1

           A.       The Present Dispute ....................................................................................... 1

           B.       The Trusts ...................................................................................................... 2

    II.      Standard of Review .................................................................................................... 4

Argument ........................................................................................................................................... 5

    I.       "Vicarious Liability" Is Not A Valid Cause Of Action. ........................................... 5

    II.      In Any Event, U.S. Bank Is Not A Debt Collector And Thus Not Subject To "Vicarious Liability" Under The FDCPA. ......................................................... 6

    III.     Even If U.S. Bank Could Be Considered A Debt Collector Under the FDCPA, the Factual Allegations Do Not Support "Vicarious Liability." ........... 10

Conclusion ...................................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*ACA Fin. Guaranty Corp. v. City of Buena Vista, Virginia*,
  917 F.3d 206 (4th Cir. 2019) ...................................................................................................4

*Ali v. Coleman*,
  2013 WL 4040444 (E.D. Va. Aug. 6, 2013).........................................................................5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................4, 9

*Barbato v. Greystone Alliance, LLC*,
  916 F.3d 260 (3d Cir. 2019)......................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................................4

*Bradford v. HSBC Mortg. Corp.*,
  829 F. Supp. 2d 340 (E.D. Va. 2011) ............................................................................8, 9, 10

*Clark v. Capital Credit & Collection Servs., Inc.*,
  460 F.3d 1162 (9th Cir. 2006) ...........................................................................................10, 11

*Davidson v. Capital One Bank (USA), N.A.*,
  797 F.3d 1309 (11th Cir. 2015) ................................................................................................8

*Ellinger v. Napier*,
  2023 WL 2873393 (W.D. Va. Apr. 10, 2023) .........................................................................6

*Epcon Homestead, LLC v. Town of Chapel Hill*,
  62 F.4th 882 (4th Cir. 2023) .................................................................................................3, 4

*Fayetteville Inv. v. Comm. Builders, Inc.*
  936 F.2d 1462 (4th Cir. 1991) .......................................................................................4, 9, 12

*Henson v. Santander Consumer USA, Inc.*,
  817 F.3d 131 (4th Cir. 2016) ................................................................................................7, 8

## **TABLE OF AUTHORITIES**
(continued)

Page

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
   130 S. Ct. 1605 (2010) ............................................................................................................11

*Mao v. Glob. Tr. Mgmt., LLC*,
   2022 WL 989012 (E.D. Va. Mar. 31, 2022) ...............................................................7, 11, 12

*McKoy v. Norfolk Redevelopment and Housing Auth.*,
   2002 WL 31953782 (E.D. Va. July 12, 2002) .........................................................................4

*Merrill v. Transworld Sys., Inc.*,
   2020 WL 8474736 (W.D. Mich. Dec. 1, 2020) ............................................................. passim

*Meyer v. Holley*,
   537 U.S. 280 (2003) ...............................................................................................................11

*Miranda v. Field Asset Servs.*,
   2013 WL 124047 (S.D. Cal. Jan. 9, 2013) ...............................................................................9

*Nash v. Green Tree Serv., LLC*,
   943 F. Supp. 2d 640 (E.D. Va. 2013) ..............................................................................10, 11

*Nadendla v. WakeMed*,
   24 F.4th 299 (4th Cir. 2022) ....................................................................................................4

*Richardson v. Shapiro & Brown, LLP*,
   751 F. App'x 346 (4th Cir. 2018) ................................................................................. passim

*Sewraz v. Nguyen*,
   2011 WL 201487 (E.D. Va. Jan. 20, 2011) .............................................................................5

*Snapp v. Lincoln Financial Securities Corp.*,
   2018 WL 1144383 (W.D. Va. Mar. 2, 2018) ..........................................................................5

*Stone v. JPMorgan Chase Bank, N.A.*,
   415 F. Supp. 3d 628 (E.D. Pa. 2019) (JPMorgan Chase) .......................................................8

*Wadlington v. Credit Acceptance Corp.*,
   76 F.3d 103 (6th Cir. 1996) ..................................................................................................7, 9

## TABLE OF AUTHORITIES
(continued)

Page

*White v. Punita Grp., Inc.*,
  2016 WL 1117476 (E.D. Va. Mar. 18, 2016) ................................................................. 5, 6

**STATUTES**

15 U.S.C. § 1692 ........................................................................................................................ 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 10(c) .................................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1

Restatement (Third) of Agency § 1.01 (2006) ..................................................................... 10, 11

**INTRODUCTION**

U.S. Bank is not a proper party to this case. For all its bluster, the Amended Complaint ("FAC") alleges in multiple counts that *three other entities* (MRS BPO, L.L.C., Convergent Outsourcing, Inc., and Transworld Systems Inc. ("TSI")) improperly attempted to collect on student loan debts owned by *still two other entities* (the NCSLT 2006-4 and 2007-4 Trusts). But the FAC alleges only a single count of "Vicarious Liability" against U.S. Bank, specifically, alleging (in one sentence) that U.S. Bank (along with TSI and the Trusts) "are vicariously liable for the acts of MRS and Convergent since they hired and directed their actions." FAC ¶ 176.

That count fails, for three independent reasons. *First*, "Vicarious Liability" is not a valid cause of action. *Second*, even assuming the FAC advances a "Vicarious Liability" theory *under* the Fair Debt Collection Practices Act (FDCPA), it fails to state a viable claim against U.S. Bank because U.S. Bank is not a "debt collector" subject to the Act. And, *third*, even if U.S. Bank were a "debt collector" subject to the Act (it is not), the FAC does not plausibly plead that U.S. Bank is "vicariously liable for the acts of MRS and Convergent." Indeed, the relevant contracts invoked by the FAC establish the opposite—*i.e.*, that the debt collectors never worked on U.S. Bank's behalf, never became subject to U.S. Bank's control, and never even contracted with U.S. Bank.

Pursuant to Rule 12(b)(6), this Court should dismiss the FAC as to U.S. Bank with prejudice.

## I. BACKGROUND

### A. The Present Dispute

Plaintiff took out student loans and then defaulted by not paying the amounts owed. *See* FAC ¶¶ 93, 95, 97–98. The Trusts, owners of those loans, attempted to collect on the loans through their Special Subservicer (TSI) and eventually sued Plaintiff in two separate state court

1

proceedings—one for each loan—both in December 2016. *See id.* ¶¶ 99, 102. Plaintiff alleges that these lawsuits were then dismissed *without* prejudice in 2017 and 2018. *Id.* ¶¶ 101, 104.

After the dismissals sans prejudice, Plaintiff alleges that Convergent, TSI, and MRS each made some effort to collect on the defaulted loans. *See id.* ¶¶ 105–133. According to the Complaint, Convergent sent a collection letter dated September 25, 2021, and called Plaintiff, her husband, and her place of employment, between September 2021 and November 2021. *See id.* ¶¶ 105–13. Plaintiff also alleges that TSI sent a collection letter to Plaintiff, which she received in March 2022. *Id.* ¶ 117. The FAC alleges that MRS sent letters and made phone calls to Plaintiff and her place of employment between March 2022 and February 2023. *Id.* ¶¶ 120–33. Plaintiff claims these collection efforts were unlawful because TSI and MRS could not legally sue her to collect the debt, that the Trusts do not own Plaintiff's loans, and the Trusts cannot produce evidence that any debt is owed. *Id.* ¶¶ 137–38.

### B. The Trusts

The contractual relationship between U.S. Bank and the Trusts illustrates why Plaintiff has no claims against U.S. Bank. As Plaintiff alleges, the Trusts are two of a number of Delaware Statutory Trusts formed between 2001 and 2007 for the purpose of acquiring certain loans and issuing debt securities through Indentures. *See id.* ¶¶ 2, 7. These Trusts have no officers or directors and act exclusively through agents or contractors with specific duties, as set forth in a series of agreements. *See id.* ¶ 2, 7, 88, 91.

Servicers collect amounts due on the loans on behalf of the Trusts. For special servicing (*i.e.*, delinquent and default loan servicing), the Trusts' Owner Trustee, acting on behalf of the

Trusts, entered into a Special Servicing Agreement[1] with First Marblehead Education Resources, Inc. ("FMER") to act as Special Servicer. *See* ECF No. 10-4, SSA § 2.A.[2] The SSA appointed U.S. Bank as the "Back-Up Special Servicer" to assume the role of Successor Special Servicer in the event FMER resigned or was unable to perform. *Id.* § 8.A. But unlike FMER, U.S. Bank as Successor Special Servicer assumed *only* the rights, duties, and obligations of the initial Special Servicer "to the extent expressly required to be assumed *and performed* by the Back-Up Special Servicer under this Agreement." *Id.* (emphasis added). And under the SSA, U.S. Bank is *prohibited* from directly undertaking special servicing activities and has no duty to monitor or supervise such activities. *See id.* ("[N]othing . . . shall be construed to require or permit the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities . . . ."); *id.* § 8.D (U.S. Bank has no duty to "supervise or monitor the performance" and "shall have no liability for the acts or omissions" "of any such Servicer or Subservicer."). Consistent with these terms, FMER simultaneously retained TSI's predecessor-in-interest, NCO Financial Systems Inc. ("NCO"), as Special Subservicer to conduct special servicing on behalf of the Trusts in the event U.S. Bank became Successor Special Servicer. *See generally* Ex. A, TSI Agreement.

When FMER resigned in 2012, U.S. Bank automatically became the Successor Special Servicer, and NCO's role as Special Subservicer became operative. But because U.S. Bank is

---

[1] U.S. Bank notes that the defendant Trust 2007-4 is not party to the same Special Servicing Agreement ("SSA") as the defendant Trust 2006-4. However, the relevant provisions at issue in this case are the same.

[2] Because Plaintiff attaches the SSA and other documents to her Complaint, they may be considered under Rule 12. *See Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 885 (4th Cir. 2023). The Default Prevention and Collection Services Agreement, which governs TSI's role with respect to the Trusts (the "TSI Agreement") is an Exhibit to the SSA, and so it may also be considered as "incorporated." *Id.*; *see* Exhibit A.

contractually prohibited from undertaking collection activities and has no duty to monitor or supervise subservicers, Turnstile Capital Management, LLC ("Turnstile"), was engaged as an independent contractor to perform certain special-servicing responsibilities on behalf of the Trusts. And, in 2014, NCO was succeeded by TSI to manage delinquent and default loan servicing, again on behalf of the Trusts.

## II. STANDARD OF REVIEW

To withstand a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 570 (2007); *see also Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It must also provide more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see also ACA Fin. Guaranty Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir. 2019). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (cleaned up).

When reviewing a motion to dismiss, a court "may consider documents attached to the complaint or incorporated by reference, including those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, and may take judicial notice of matters of public record." *Epcon*, 62 F.4th at 885; *see* Fed. R. Civ. P. 10(c). However, the Court "need not accept factual claims or allegations if they are contradicted by other allegations or exhibits." *McKoy v. Norfolk Redevelopment and Housing Auth.*, 2002 WL 31953782, at *1 (E.D. Va. July 12, 2002) (citations omitted); *see, e.g.*, *Fayetteville Inv. v. Comm. Builders, Inc.* 936 F.2d 1462, 1465 (4th

4

Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails.").

## ARGUMENT

Plaintiff's single count against U.S. Bank—"Vicarious Liability" (Count V), FAC ¶ 176—fails as a matter of law. *First*, "Vicarious Liability" is not even a cause of action. *Second*, even if the FAC had alleged "Vicarious Liability" *under* the FDCPA, U.S. Bank is not a "debt collector" subject to the Act and thus cannot be vicariously liable thereunder. And, *third*, even if U.S. Bank were a "debt collector," the FAC does not plausibly plead that U.S. Bank bears "Vicarious Liability" "for the acts of MRS and Convergent." *Id.* Indeed, the relevant contracts invoked by the FAC establish the opposite. On each of these independent grounds, the FAC must be dismissed as to U.S. Bank.

### I. "VICARIOUS LIABILITY" IS NOT A VALID CAUSE OF ACTION.

"[V]icarious liability is not a separate cause of action." *Ali v. Coleman*, 2013 WL 4040444, *2 (E.D. Va. Aug. 6, 2013). For that reason, any "separate claim for vicarious liability" is "improper" and "should be dismissed." *Id.*; *see, e.g.*, *Snapp v. Lincoln Financial Securities Corp.*, 2018 WL 1144383, at *9 (W.D. Va. Mar. 2, 2018) (dismissing vicarious liability claim); *Sewraz v. Nguyen*, 2011 WL 201487, at *10 (E.D. Va. Jan. 20, 2011) (same). That is especially true where a plaintiff "clearly presented" the claim in that way. *White v. Punita Grp., Inc.*, 2016 WL 1117476, at *7 (E.D. Va. Mar. 18, 2016) (rejecting a plaintiff's effort to recast a "separate cause of action" as "simply a legal basis" for liability in response to motion to dismiss).

Here, "Count Five" alleges (in one sentence) that "TSI, U.S. Bank and the Trusts are vicariously liable for the acts of MRS and Convergent since they hired and directed their actions."

5

FAC ¶ 176.³ But Count V neither cites nor cross-references any underlying cause of action. *See id.* Plaintiff, in short, "clearly presented vicarious liability as a separate cause of action." *White*, 2016 WL 1117476, at *7. That claim therefore must be dismissed. *See, e.g., Ali*, 2013 WL 40444, at *2. And Plaintiff (who has already amended once) cannot simply recast the FAC as something else in response to this motion. *See White*, 2016 WL 1117476, at *7.

Further, even if vicarious liability were a proper cause of action, "[t]here can be no vicarious liability claim [against U.S. Bank] without an underlying claim against [Defendants MRS and Convergent]." *See, e.g., Ellinger v. Napier*, 2023 WL 2873393, *6 (W.D. Va. Apr. 10, 2023) (granting summary judgment on vicarious liability claim after dismissing underlying direct claims). Accordingly, if the Court grants all or part of the joint motion to dismiss Plaintiff's FDCPA claims (Counts I–IV), it must also dismiss the corresponding vicarious liability claim(s) against U.S. Bank.⁴ *Id.*

## II. IN ANY EVENT, U.S. BANK IS NOT A DEBT COLLECTOR AND THUS NOT SUBJECT TO "VICARIOUS LIABILITY" UNDER THE FDCPA.

Even if the Court allows Plaintiff to amend *again* or *sua sponte* construes "Count Five" as an attempt by Plaintiff to plead that U.S. Bank is "vicariously liable" under the FDCPA, based on "the [alleged] acts of MRS and Convergent," such a claim would fail as a matter of law. *Cf.* FAC ¶ 176; *id.* Counts I–IV (naming MRS and Convergent). "U.S. Bank is not a debt collector under the FDCPA for purposes of [plaintiff's] claims, and thus cannot be held liable under the FDCPA."

---

³ In this respect, the FAC contradicts itself. *Compare* FAC ¶ 176, *with id.* ¶¶ 12, 92 (alleging MRS and Convergent were hired and controlled by "TSI, acting on behalf of the Trusts" and making no mention of U.S. Bank); *infra* Argument Part III.
⁴ The Court should reach the same conclusion even if U.S. Bank were a "debt collector" under the FDCPA (it is not), *infra* Argument Part II, and even if Plaintiff plead sufficient facts to show that U.S. Bank could be vicariously liable for MRS' and Convergent's actions (she has not), *infra* Argument Part III.

6

*Richardson v. Shapiro & Brown, LLP*, 751 F. App'x 346, 349 (4th Cir. 2018). Indeed, a fellow district court has squarely held that U.S. Bank is not a "debt collector" (and thus not liable) with respect to the same activities and contracts at issue in this case. *See Merrill v. Transworld Sys., Inc.*, 2020 WL 8474736, at *9 (W.D. Mich. Dec. 1, 2020), *R&R adopted*, 2021 WL 210715 (W.D. Mich. Jan. 21, 2021) (granting motion to dismiss FDCPA claims premised on the SSA against U.S. Bank).

**1.** The FDCPA applies only to "debt collectors." *See* 15 U.S.C. § 1692k (imposing liability only on a "debt collector who fails to comply with any provision of this subchapter"). The FDCPA defines "debt collector" as "(1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another*; or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016) (emphasis in original); *see* 15 U.S.C. § 1692(a)(6).

This Court has consistently and correctly held that an entity that does ***not*** qualify as a "debt collector" "cannot incur vicarious liability for FDCPA violations by an independent debt collector," even if the collector "acts on the [entity's] behalf." *Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 348–49 & n. 16–17 (E.D. Va. 2011); *see, e.g.*, *Mao v. Glob. Tr. Mgmt., LLC*, 2022 WL 989012, at *5 (E.D. Va. Mar. 31, 2022) (explaining that "the entity itself must meet the definition of 'debt collector' under the FDCPA to potentially be liable for the acts of the debt collectors it hired"). This Court's approach is in accord with the only federal circuit court to squarely address that issue. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (holding that "a company that is not a debt collector" cannot "be held vicariously liable for a collection suit" on the basis that its agent is a debt collector). That approach is also consistent with the Fourth Circuit's admonition that "the FDCPA purports to regulate only the conduct of

7

debt collectors, not creditors" or the like. *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016).

**2.** Applying that framework, "U.S. Bank is not a debt collector under the FDCPA for purposes of [these] claims, and thus cannot be held liable" under it—vicariously or otherwise. *Richardson*, 751 F. App'x at 349. Indeed, the FAC does not (and could not) allege that U.S. Bank's [**i**] "*principal purpose*" is debt collection; that it [**ii**] "*regularly* collects debts *owed to another*"; or [**iii**] "collects *its own debts*, using *a name other than its own*." *See id.* (quoting *Henson*, 817 F.3d at 135) (emphasis in original).

**i**. "Plaintiff[] do[es] not allege that U.S. Bank qualifies as a debt collector under the 'principal purpose' prong." *Merrill*, 2020 WL 8474736, at *9. Nor could Plaintiff do so. *See, e.g., id.*; *Richardson*, 751 F. App'x at 349 (affirming that "U.S. Bank is not a debt collector" under "principal purpose" prong or others). After all, traditional banks do not derive their principal business from debt collection. *See, e.g., Richardson*, 751 F. App'x at 349 (U.S. Bank); *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015) (Capital One); *Stone v. JPMorgan Chase Bank, N.A.*, 415 F. Supp. 3d 628, 633 (E.D. Pa. 2019) (JPMorgan Chase); *see also Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267–69 (3d Cir. 2019) (contrasting "a traditional creditor, such as a bank or a retail outlet that has its own incentive to cultivate good will among its customers and for which debt collection is one of perhaps many parts of its business" with "an independent debt collector" that has collection of defaulted debts as its primary business concern); *Bradford*, 829 F. Supp. 2d at 348–49 & n. 16–17 (Ally Bank) (explaining that "a bank generally 'is not a debt collector for purposes of the FDCPA'" (quoting *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003)); *Merrill*, 2020 WL 8474736, at *9 (noting "the focus is

8

not on the events of the particular transaction but on the principal purpose of the defendant's business") (cleaned up).

ii. Aside from a "naked assertion[] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (cleaned up), "Plaintiff[] do[es] not allege that U.S. Bank regularly collects debts itself, that is, that U.S. Bank performs direct debt collection in its role as Special Servicer or otherwise." *Merrill*, 2020 WL 8474736, at *9. Nor could Plaintiff do so. *See, e.g.*, *Richardson*, 751 F. App'x at 349 (affirming that "U.S. Bank is not a debt collector" under the "regularly collects" prong). "Such an allegation would be at odds with the SSA, which provides that the Back-Up Servicer (U.S. Bank) is not 'require[d] or permit[ted] . . . to undertake direct collection or enforcement activities . . . with respect to consumer borrowers or other consumer obligors.'" *Merrill*, 2020 WL 8474736, at *9 (quoting ECF No. 10-4, SSA § 8.A). And to the extent that any such allegation *is* at odds with the SSA, *cf.* FAC ¶ 16, the "[SSA] prevails." *Fayetteville Investors*, 936 F.2d at 1465.

Plaintiff fares no better under a so-called "indirect[]" theory. *E.g.*, FAC ¶ 30. A party cannot be deemed a debt collector merely because it contracts with one. *See, e.g.*, *Wadlington*, 76 F.3d at 108; *Merrill*, 2020 WL 8474736, at *9, *R&R adopted*, 2021 WL 210715, at *1; *Miranda v. Field Asset Servs.*, 2013 WL 124047, at *4 (S.D. Cal. Jan. 9, 2013) (rejecting a theory that an entity who "regularly engages" a debt collector "becomes a 'debt collector' by virtue of that engagement"). Moreover, as *Bradford* explains, an entity cannot be deemed a "debt collector" merely because an "independent debt collector" "acts on the [entity's] behalf." *See id.* at 348.

Here, Plaintiff does not even allege that U.S. Bank contracted with MRS or Convergent. *See* FAC ¶ 12 (alleging that TSI did so instead). That makes Plaintiff's "indirect" theory even weaker than the ones rejected in other cases. *Compare with, e.g.*, *Wadlington*, 76 F.3d at 108. And Plaintiff's allegation that U.S. Bank has certain limited contractual responsibilities under the

SSA does not make it a debt collector through MRS and Convergent either. *See Merrill*, 2020 WL 8474736, at *10 (explaining that any involvement by U.S. Bank under the SSA "is pertinent to the issue of agency but is not determinative of whether U.S. Bank is an indirect debt collector").

**iii.** Finally, Plaintiff does not allege that U.S. Bank "collects *its own debts*," under another name or otherwise. *Richardson*, 751 F. App'x at 349 (finding "U.S. Bank is not a debt collector" under this prong). Indeed, Plaintiff alleges *the opposite*. *See* FAC ¶ 30 (alleging that "the debts . . . were not debts offered by [U.S. Bank] . . . .").

In sum, because "U.S. Bank is not a debt collector," *Richardson*, 751 F. App'x at 349, it "cannot incur vicarious liability for FDCPA violations," through MRS or Convergent, even *assuming* one or both had "act[ed] on [U.S. Bank's] behalf" (and they did not). *Bradford*, 829 F. Supp. 2d at 348–49 & n. 16–17; *see Merrill*, 2020 WL 8474736, at *10 (explaining that any involvement by U.S. Bank under the SSA "is not determinative of whether U.S. Bank is an indirect debt collector"). For this reason alone, Count Five fails as a matter of law as to U.S. Bank, and the FAC should be dismissed as to it.

## III. EVEN IF U.S. BANK COULD BE CONSIDERED A DEBT COLLECTOR UNDER THE FDCPA, THE FACTUAL ALLEGATIONS DO NOT SUPPORT "VICARIOUS LIABILITY."

Even if U.S. Bank were a debt collector, Plaintiff's "vicarious liability" theory would still fail as a matter of law. To trigger vicarious liability, a plaintiff must at a minimum establish an agency relationship between the two debt collectors: (i) the principal must "manifest[] assent" to an "agent" "that the agent shall act on the principal's behalf and subject to the principal's control, and [ii] the agent" must "manifest[] assent or otherwise consent[] so to act." Restatement (Third) of Agency § 1.01 (2006); *see Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (citing Restatement); *accord Nash v. Green Tree Serv., LLC*, 943 F. Supp. 2d

640, 644 (E.D. Va. 2013).[5] In line with these principles—"[i]n cases allowing vicarious liability for FDCPA claims"—"the complaints allege that a specific debt buyer contracted with a specific debt collector to collect a specific debt." *Mao*, 2022 WL 989012, at *5–6 (noting also that each "entity itself must meet the definition of 'debt collector'").

Here, Plaintiff asserts that "TSI, U.S. Bank and the Trusts are vicariously liable for the acts of MRS and Convergent." FAC ¶ 176. Plaintiff does not, however, allege any facts to plausibly support that allegation against *U.S. Bank*. Plaintiff must allege *facts* to support her claim of an agency relationship between U.S. Bank and MRS/Convergent, but her FAC pleads none.

- The FAC does not plausibly allege that *U.S. Bank* "manifest[ed] assent" that MRS and Convergent were required to "act on [U.S. Bank's] behalf," Restatement § 1.01, let alone with respect to the "specific debt" at issue, *Mao*, 2022 WL 989012, at *6. If anything, the FAC alleges the opposite. *See, e.g.*, FAC ¶ 12 (alleging that *TSI* "hired" MRS and Convergent); ¶ 92 (alleging that *TSI* "had control over" MRS and Convergent). And even with respect to TSI, the FAC (aside from a stray remark) alleges that TSI acted "on behalf of" *the Trusts*, not U.S. Bank. *See, e.g.*, FAC ¶ 32 ("At all times relevant to this Complaint, TSI has acted as the debt collector on behalf of the Trusts . . . ."); ¶ 92 ("TSI, acting on behalf of the NCSLT Trusts, also had control over Convergent and MRS as debt collectors in [TSI's] Collection Network."); *see also* FAC ¶¶ 10, 15, 20, 27, 34, 47, 62, 71, 72.

---

[5] The Supreme Court has not directly considered whether the FDCPA incorporates "ordinary background tort principles." *Meyer v. Holley*, 537 U.S. 280, 286 (2003); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1622 (2010). For purposes of this brief, only, U.S. Bank assumes *arguendo* that the FDCPA does incorporate those principles as embodied in the Restatement of Agency. *See, e.g.*, *Clark*, 460 F.3d at 1173 (explaining that "general principles of agency . . . form the basis of vicarious liability under the FDCPA" and relying on Restatement of Agency).

11

- The FAC does not allege that MRS and Convergent acted "subject to [U.S. Bank's] control," Restatement § 1.01, let alone with respect to the "specific debt" at issue, *Mao*, 2022 WL 989012, at *6 . Here, again, the FAC alleges something else entirely. *See, e.g.*, FAC ¶ 12 (alleging that *TSI* "hired" MRS and Convergent); ¶ 92 (alleging that *TSI* "had control over" MRS and Convergent). Moreover, under the SSA, it is the "licensed collection agencies" (*i.e.*, MRS and Convergent) alone that "contact borrowers" "for and on behalf of the applicable Trust." ECF No. 10-4, SSA § 2.B(i).

- And the FAC more generally does not allege that MRS and Convergent ever "contracted" with U.S. Bank at all, much less to "collect a specific debt." *Mao*, 2020 WL 989012, at *6. Indeed, it fails to name "U.S. Bank" in the same sentence as "MRS" or "Convergent" in its factual allegations. *See generally* FAC.

The FAC fails each of these metrics. Plaintiff cannot, moreover, save her claim by declaring *ipse dixit* that U.S. Bank "remains in legal and ultimate control." *E.g.*, FAC ¶ 47. That "bare legal conclusion" and others like it "fall[] far short of 'nudging [her] claim against U.S. Bank across the line from conceivable to plausible.'" *Merrill*, 2020 WL 8474736, at *9 (quoting *Twombly*, 550 U.S. at 570) (cleaned up). Worse still, the SSA *defeats* those allegations. *See Fayetteville Inv.*, 936 F.2d at 1465. As explained above, U.S. Bank as Successor Special Servicer assumed *only* the rights, duties, and obligations of the initial Special Servicer "to the extent expressly required to be assumed *and performed* by the Back-Up Special Servicer under this Agreement." *Id.* (emphasis added). And under the SSA, U.S. Bank has no duty to "supervise or monitor the performance" of others and "no liability for the acts or omissions of any such Servicer or Subservicer." ECF No. 10-4, SSA § 8.D. In short, "the SSA does not show what Plaintiff[] claim[s]"; the SSA instead makes clear "that U.S. Bank would not perform debt collection in its

12

role as Special Servicer," either on behalf of itself or through another. *See Merrill*, 2020 WL 8474736, at *10.

"Vicarious Liability" is not a plausible claim as to U.S. Bank, and so this claim must be dismissed for this reason as well.

## CONCLUSION

The only claim in the Amended Complaint that names U.S. Bank must be dismissed. "Vicarious Liability" (Count V) is not a cause of action at all. And even if "Vicarious Liability" is construed as an attempt to hold U.S. Bank liable under Plaintiff's separate FDCPA claims (Counts I–IV), it fails as a matter of law. U.S. Bank is not a "debt collector" and thus cannot be liable under the FDCPA. And even if U.S. Bank were a "debt collector" (it is not), the FAC does not plausibly plead that U.S. Bank is "vicariously liable for the acts of MRS and Convergent." In fact, the relevant contracts invoked by the FAC—which the Court may consider—establish the opposite—*i.e.*, that MRS and Convergent never worked on U.S. Bank's behalf, never became subject to U.S. Bank's control, and never even contracted with U.S. Bank.

Plaintiff cannot cure these deficiencies. This Court should dismiss the FAC as to U.S. Bank with prejudice.

Respectfully submitted,

*/s/ Brian C. Rabbitt*

Brian C. Rabbitt
Virginia State Bar No. 77216
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
brabbitt@jonesday.com

13

        Albert J. Rota (*pro hac vice* pending)
        JONES DAY
        2727 North Harwood Street
        Dallas, Texas 75201
        Telephone: (214) 220-3939
        Facsimile: (214) 969-5100
        ajrota@jonesday.com

        Anthony M. Masero (*pro hac vice* pending)
        JONES DAY
        100 High Street, 21st Floor
        Boston, MA
        Telephone: (617) 960-3939
        Facsimile: (617) 449-6999
        amasero@jonesday.com

        *Counsel for U.S. Bank National Association*

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2023, I filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to all counsel of record.

*/s/ Brian C. Rabbitt*

Brian C. Rabbitt
Virginia State Bar No. 77216
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
brabbitt@jonesday.com